# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REGINALD COLE, JR.,
       **Plaintiff,**

   v.                                  Case No. 08-C-1082

JEROMY STANIEC,
       **Defendant**

## DECISION AND ORDER

Pro se plaintiff Reginald Cole, Jr., a state prisoner, brings this 42 U.S.C. § 1983 action against defendant correctional officer Jeremy Staniec. He claims that defendant sexually harassed him, retaliated against him for filing harassment complaints, and denied him access to the courts by destroying his legal materials. Both plaintiff and defendant have filed motions for summary judgment, which are now before me.

## I. BACKGROUND

According to plaintiff's sworn complaint,[1] defendant asked plaintiff on September 3, 2008, to have intercourse with him for cash and respect. Plaintiff loudly told the defendant no and was written up for disrespecting a correctional officer. The next day, while plaintiff was in the law library, defendant came into plaintiff's cell and destroyed and confiscated some of the plaintiff's legal materials. Plaintiff asserts that he missed deadlines on some

---

[1] Plaintiff's affidavit in support of his motion is not notarized, nor does it contain the language of or reference to 28 U.S.C. § 1746 necessary to make it a sworn document. Therefore, the affidavit does not constitute evidence in support of plaintiff's motion. His complaint, however, was sworn and will be used as an affidavit at this stage in the case. See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996).

inmate complaints and possibly his criminal appeal as a result of legal materials being destroyed and/or removed from his cell. On September 20, 2008, and September 24, 2008, plaintiff refused showers because defendant was working. Plaintiff also had trouble with defendant regarding obtaining new clothes on each of those dates. Finally, plaintiff avers that defendant tampered with his bread on two occasions in November 2008, in retaliation for plaintiff's complaints against defendant.

Defendant states that he does not recall his search of plaintiff's cell on September 4, 2008, but avers that at no time did he confiscate or destroy any legal materials belonging to plaintiff. No records are kept of routine cell searches unless contraband materials are found, and there is no documentation that defendant searched plaintiff's cell on September 4, 2008, or that any materials were confiscated.

## II. STANDARD OF REVIEW

Summary judgment is required if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c)(1). I take the evidence and all reasonable inferences there from in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Where both parties move for summary judgment, I may grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law on the basis of the material facts not in dispute. Mitchell v. McCarty, 239 F.2d 721, 723 (7th Cir.1957).

2

# III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**A.    Exhaustion**

The Prison Litigation Reform Act (PLRA) requires prisoners to properly exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(e). This means that prisoner plaintiffs must first complete the administrative review process in accordance with the applicable procedural rules, including appeals and deadlines. Woodford v. Ngo, U.S. 81, 88-90, 93 (2006); see also Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). Defendant has the burden of establishing that plaintiff failed to exhaust administrative remedies. Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002).

The Inmate Complaint Review System (ICRS) is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code §§ DOC 310.01(2)(a), 310.08(1). An inmate must file a complaint with the inmate complaint examiner ("ICE") within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1), 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either sends a recommendation to the appropriate reviewing authority or rejects the complaint for such reasons as that it is moot, fails to raise a significant issue, or is meant to harass. Wis. Admin. Code §§ DOC 310.11(2), (5), (11).

With regard to his sexual harassment claim, plaintiff filed inmate complaint number WCI-2008-23760 on September 4, 2008. The ICE recommended dismissal on September 5, 2008, and the reviewing authority dismissed on September 9, 2008. Plaintiff appealed to the Corrections Complaint Examiner ("CCE") on September 25, 2008, but only after the ten day period for doing so expired. See Wis. Admin. Code § DOC 310.13(1). The appeal

3

contained no good cause for its late submission. Thus plaintiff failed to properly exhaust his administrative remedies with regard to his sexual harassment claim, and I will grant defendant's motion for summary judgment on that claim.

In regards to his retaliation claim, plaintiff filed several inmate complaints. On September 29, 2008, plaintiff filed WCI-2008-25775 (alleging that defendant refused to give him socks during a clothing exchange) and WCI-2008-25776 (alleging that defendant would not exchange pants with a hole in them). On December 1, 2008, plaintiff also filed complaint number WCI-2008-30921 (alleging that defendant sliced plaintiff's bread up into tiny pieces in retaliation for plaintiff's civil rights claim against him). All of these complaints were rejected by the ICE because they did not raise significant issues. See Wis. Admin. Code § DOC 310.11(5)(b). Plaintiff requested review of the rejected complaints, but the reviewing authority determined that the complaints were appropriately rejected. Defendant argues that plaintiff failed to his exhaust his administrative remedies as to these complaints because plaintiff did not appeal these decisions to the CCE. However, because the reviewing authority's decision is final with respect to rejected complaints and the CCE does not review rejected complaints, Wis. Admin. Code §§ DOC 310.11(6), 310.13(3), plaintiff took these complaints as far as he could. Therefore plaintiff exhausted the available administrative remedies for these complaints.

Defendant is correct however that plaintiff failed to exhaust the available remedies for complaint number WCI-2008-29831 (alleging that defendant gave plaintiff wet bread in retaliation). The ICE dismissed this complaint on December 8, 2008, and the reviewing authority did the same on December 9, 2008. Because this complaint was dismissed

4

rather than rejected, plaintiff was required to appeal to the CCE. He did not and, as a result, failed to exhaust his administrative remedies on this complaint.

Because defendant's motion for summary judgment did not address the merits of the retaliation claim, I will deny defendants' motion for summary judgment in regards to that claim.

**B.     Access to the Courts**

Plaintiff contends that defendant confiscated and destroyed his legal materials in a cell search, thereby denying him access to the courts. Defendant concedes that plaintiff exhausted the available administrative remedies with respect to this claim. Nevertheless, defendant argues he is entitled to summary judgment because plaintiff fails to present any evidence of an actual injury stemming from any confiscation of legal materials. I agree.

A prisoner asserting a denial of access claim must show an actual injury in the form of interference with a nonfrivolous legal claim. Bridges v. Gilbert, 557 F.3d 541, 553 (7th Cir. 2009). Plaintiff, however, has presented no evidence of an actual injury stemming from any confiscation of legal materials. In his reply brief, plaintiff suggests only that the cell search somehow resulted in his failure to exhaust inmate complaint number WCI-2008-23760, whose dismissal he failed to timely appeal. However, he does not state what specifically was taken from his cell nor explain how it prevented him from timely filing his appeal. Furthermore, the time line undercuts plaintiff's argument. Plaintiff states that the cell search occurred on September 4, 2008, the day before he filed the inmate complaint. It was dismissed five days later. Thus the ten day period for appeal had not even begun to run at the time of the search. Plaintiff provides no explanation for why the search prevented him from timely filing an appeal after his complaint had been dismissed.

5

Accordingly, I will grant defendant's motion for summary judgment with regarding to plaintiff's access to the courts claim.

### IV. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's sole remaining claim is that defendant retaliated against him for making a sexual harassment complaint. Where the moving party bears the burden of proof at trial, he can prevail on summary judgement only by proving every element of his case with evidence so compelling that no reasonable jury could return a verdict for the non-moving party. See Anderson, 477 U.S. at 248; Select Creations, Inc. v. Paliafito America, Inc., 911 F. Supp. 1130, 1149 (E.D. Wis. 1995). Plaintiff's affidavit is unsworn and hence does not constitute evidence in support of his motion. Plaintiff's remaining evidence is insufficient to carry his burden of proof. Thus I will deny plaintiff's motion for summary judgment.

Therefore,

**IT IS ORDERED** that plaintiff's motion for summary judgment (Docket #42) is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's cross motion for summary judgment (Docket #44) is **GRANTED in part and DENIED in part, as provided herein**.

**IT IS FURTHER ORDERED** that this matter shall be set for a telephone conference on **March 29, 2011 at 1:30 p.m.** The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 25th day of February 2011.

/s
LYNN ADELMAN
District Judge