# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REGINALD COLE, JR.,
        Plaintiff,

    v.                                   Case No. 08-CV-01082

JEROMY STANIEC,
        Defendant.

## DECISION AND ORDER

      Plaintiff Reginald Cole, Jr., a state prisoner, was allowed to proceed pro se against defendant Jeremy Staniec on an Eighth Amendment sexual harassment claim, a First Amendment retaliation claim and an access to the courts claim. On February 25, 2011, I denied plaintiff's motion for summary judgment and granted in part and denied in part defendant's motion for summary judgment. Thus, all that remains is a portion of plaintiff's retaliation claim. Now before me is defendant's motion for summary judgment on that claim, which was filed on April 29, 2011.

      On September 20, 2011, plaintiff finally responded. He filed a handwritten supplement with song lyrics that do not pertain to this case, along with a letter that states, "I'm sending a copy of song lyrics I would like filed in court at your district. Requesting a motion for appointment of counsel and default judgment." (Doc. 66). Plaintiff does not elaborate on the motions and, as a result, has not presented any grounds entitling him to relief. The motions will be denied.

      A week later, plaintiff filed more song lyrics, along with a request to close this case. However, I do not consider a voluntarily dismissal proper at this stage of the litigation,

where defendant conducted discovery and filed a motion for summary judgment. See Fed. R. Civ. P. 41(a)(2).

Although plaintiff has not responded to defendant's motion for summary judgment, I will consider the motion on the merits and use plaintiff's sworn amended complaint as his response. See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996).

## I.  SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that

2

would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## II. FACTS

Plaintiff is a state prisoner who was incarcerated at Waupun Correctional Institution (WCI) at all times relevant to this case. Defendant Jeremy Staniec is employed as a correctional officer at WCI. Plaintiff's claim is based on allegations that defendant retaliated against him after plaintiff filed a staff misconduct report.

According to plaintiff's sworn amended complaint, defendant asked plaintiff on September 3, 2008, to have intercourse with him for "cash and respect." (Complaint at 3). Plaintiff loudly told the defendant no and was written up for disrespecting a correctional officer. Plaintiff also filed a staff misconduct report against defendant about the incident.

Plaintiff avers that he refused showers on September 20, 2008, and September 24, 2008, because defendant was working. He avers that on September 20, 2008, defendant refused to give plaintiff socks during a clothing exchange and that on September 24, 2008, defendant did not allow plaintiff to exchange a pair of pants with a hole in them. Defendant denies that he ever refused to give plaintiff a pair of socks or to replace a pair of pants that had holes in the buttocks area. Plaintiff's offender complaints regarding these incidents were rejected on the grounds that they did not raise a significant issue.

Plaintiff also avers that defendant tampered with his food in November 2008 by tearing up plaintiff's slice of bread into tiny pieces before serving plaintiff his food tray. Defendant denies that this occurred. Plaintiff's offender complaint regarding this incident also was rejected on the grounds that it did not raise a significant issue.

3

Defendant avers that at no time has he retaliated against plaintiff for any reason. He further avers that he followed the WCI practices with respect to the delivery of clothing and food to all inmates, including plaintiff.

According to WCI practices, prisoner clothing is exchanged at shower time, which is twice a week at WCI. An inmate hands out his dirty clothes and is provided clean clothes in return. This is known as a "one for one" exchange. The clothing is laundered on the unit by an inmate worker. A supply of clothing is kept on each unit for that unit's use. Any clothing that is noted to be in need of repair is pulled from the clothing stock and sent to the WCI laundry department for repair or disposal. If a staff member becomes aware of clothing in need of repair, that clothing is sent to the WCI laundry department for repair or disposal. If a staff member notices that an inmate's pants have a significant rip, the staff member would exchange that clothing.

It is also the practice at WCI that when meal trays are delivered to the unit, they are stacked and the tray on top has a lid and then each tray below acts as a lid for the next tray. The trays are then placed on carts for delivery to the inmates. Two staff members deliver the meal trays and wear hats and gloves during the delivery. When the tray is handed to the inmate, it is not covered. This way the inmate can determine right away if he is missing something or if there is something wrong with the tray. The first officer hands the inmate his tray, and the second officer delivers milk and whatever else may be sent in addition to the tray, such as fruit. If defendant notices any problem with an inmate's food tray when delivering meals, his practice is to provide the inmate with a new tray.

4

Case 2:08-cv-01082-LA   Filed 02/27/12   Page 4 of 6   Document 70

## III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant argues that he is entitled to summary judgment on plaintiff's remaining retaliation claims. He maintains that even if plaintiff's allegations are taken as true, they are insufficient to maintain a First Amendment retaliation claim. To prove retaliation, plaintiff must show that a protected activity was "at least a motivating factor" in any retaliatory action taken by the prison. See Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009); Mays v. Springborn, 575 F.3d 643, 650 (7th Cir. 2009). If plaintiff can show that retaliatory animus was a factor, then the burden shifts to defendant to prove that the same actions would have occurred in the absence of the protected conduct. Mays, 575 F.3d at 650; Spiegla v. Hull, 371 F.3d 928, 941 (7th Cir. 2004) (citing Mt. Healthy Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

Taking plaintiff's averments as true, plaintiff has not shown that his filing of a staff misconduct report was a motivating factor in defendant refusing to provide him with new pants on September 20, 2008, or socks on September 24, 2008, or in defendant cutting up plaintiff's bread into tiny pieces in November 2008. See Bridges, 557 F.3d at 546. In addition to defendant's averment that he did not retaliate against plaintiff, there is no evidence to suggest that plaintiff would not have had problems with his clothes or torn or cut up bread in the absence of his complaint against defendant.

Plaintiff speculated in his amended complaint that defendant's actions were based on retaliation, but mere speculation is not sufficient to stave off summary judgment. Rockwell Automation, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 544 F.3d 752, 757 (7th Cir. 2008). Plaintiff's only evidence is the loose timing of the incidents regarding

5

insufficient clothing a few weeks after plaintiff filed his staff misconduct report and the cut up bread about two months later. Even where timing is more suspicious than it is here, "mere temporal proximity is not enough to establish a genuine issue of material fact" at summary judgment. Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 851 (7th Cir. 2008) (internal quotation omitted).

**THEREFORE, IT IS ORDERED** that defendant's motion for summary judgment [DOCKET #61] is **GRANTED.**

**IT IS ALSO ORDERED** that plaintiff's motion to appoint counsel and motion for default judgment [DOCKET #66] are **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of February 2012.

s/_____
LYNN ADELMAN
District Judge